IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TYRONE CABINESS,**
        Petitioner,

v.                                                            Civil Action No. **3:23CV03 (RCY)**

**BUREAU OF PRISONS,** *et al.***,**
        Respondents.

**MEMORANDUM OPINION**

Tyrone Cabiness, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 2).

**I. PROCEDURAL HISTORY**

Cabiness filed his § 2241 Petition on January 3, 2023. Therein, Cabiness asserted that he was entitled to relief on the following grounds:[1]

Claim One:    "Federal authorities obtained primary jurisdiction upon Petitioner (Cabiness), because of this, federal authorities should credit the Petitioner with time in their custody." ECF No. 2, at 6.

Claim Two:    "Comity. Philadelphia ran its state sentence concurrent with previously imposed federal sentence on Mar. 10, 2010, which it had every right to do." *Id.* at 7.

Claim Three:    "Concurrent sentence. The Petitioner was sentenced first in federal court on Oct. 30, 2009. The federal judge stayed silent to which that sentence should be concurrent [or] consecutive[], leaving it up the second sentencing judge/court. The Philadelphia Court of Common Pleas ran its sentence concurrent with federal sentence." *Id.*

Claim Four:    "The refusal to accept the Petitioner by federal authorities. Mar. 31, 2010, federal authorities picked up the Petitioner and returned him back to the state of Pennsylvania." *Id.* at 8.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions. The Court omits any secondary citations in the quotations from the parties' submissions.

By Memorandum Order entered on February 12, 2024, the Court denied a prior Motion for Summary Judgment filed by Respondents. ECF No. 17. The Court directed the parties to submit Supplemental Motions for Summary Judgment. By Memorandum Opinion and Order entered on January 2, 2025, the Court denied Cabiness's Supplemental Motion for Summary Judgment. *Cabiness v. Bureau of Prisons*, No. 3:23CV3 (RCY), 2025 WL 19811, at *7 (E.D. Va. Jan. 2, 2025). Additionally, the Court granted in part and denied in part Respondents' Supplemental Motion for Summary Judgment. *Id.* Specially, the Court dismissed Claims One and Four and provided Respondents an opportunity to file a new motion for summary judgment with respect to Claims Two and Three. *Id.* Respondents have now filed a Renewed Motion for Summary Judgment with respect to Claims Two and Three, in accordance with the conditions set forth the January 2, 2025 Memorandum Opinion. ECF No. 36.

Given these circumstances, it is appropriate to recount the facts and conclusions from the January 2, 2025 Memorandum Opinion, which largely control the resolution of the remaining two claims. The following Facts and Analysis sections are quoted in full from the Court's January 2, 2025 Memorandum Opinion:

## II. SUMMARY OF PERTINENT FACTS

### A. Cabiness Arrested by State Authorities

On October 26, 2008, Cabiness was arrested in Philadelphia, Pennsylvania, for multiple state offenses, including Robbery, Possession of a Firearm by a Prohibited Person, and Simple Assault. Fanello Decl. ¶ 5. Cabiness remained in state custody following his arrest. *Id.*

### B. Cabiness Loaned to Federal Authorities on a Writ and Sentenced in Federal Court

On April 3, 2009, Cabiness was transferred to the temporary custody of the United States Marshals Service ("USMS") via a writ. *Id.* ¶ 6. While in temporary federal custody, Cabiness was convicted of Armed Carjacking and Using a Firearm During and in Relation to a Crime of Violence in the United States District Court

for the Eastern District of Pennsylvania ("Pennsylvania Federal Court"). *Id.* ¶ 7. On October 30, 2009, the Pennsylvania Federal Court sentenced Cabiness to 141 months of imprisonment (hereinafter the "Federal Sentence"). *Id.* The judgment was silent concerning the relation of the Federal Sentence to any outstanding state charges. *Id.*

On January 29, 2010, Cabiness "was returned to state custody in Pennsylvania with a [federal] detainer, pending disposition of his state charges." *Id.* ¶ 8.

### C. Cabiness Sentenced in State Court

On March 5, 2010, Cabiness was sentenced to an eight to twenty-year term of imprisonment ("the State Sentence") by the Court of Common Pleas of Philadelphia County ("Pennsylvania State Court"). *Id.* ¶ 9. The Pennsylvania State Court gave Cabiness prior custody credit toward his State Sentence from October 26, 2008, to January 14, 2010. *Id.* The Pennsylvania State Court ordered that the State Sentence should run concurrent "with any other sentence [Cabiness was] now serving." ECF No. 19-1 at 40. Pennsylvania declined to give Cabiness prior custody credit for the period between January 15, 2010, and March 4, 2010, when Cabiness was on a writ with the USMS. Fanello Decl. ¶ 9.

### D. Cabiness Mistakenly Released to USMS

"The state computed his sentence with a 'controlling minimum date of 05/26/2017.'" *Id.* Nevertheless, "[o]n March 29, 2010, Pennsylvania state authorities . . . sent a notice to the USMS, indicating that Petitioner's state matters were settled, and he was ready for pick up on the federal detainer." *Id.* ¶ 10. On March 31, 2010, Cabiness was moved back to USMS custody. *Id.* ¶ 11. "Shortly thereafter, it was discovered that Petitioner still owed time on his Pennsylvania state sentence, and Petitioner was not in exclusive federal custody. The state authorities had mistakenly notified the USMS to pick up Petitioner, and they requested Petitioner be returned to [Pennsylvania] custody." *Id.* "On May 26, 2010, Petitioner was returned to Pennsylvania state authorities for service of the remainder of his state sentence." *Id.* ¶ 12.

On May 26, 2017, Cabiness was paroled from his State Sentence. *Id.* ¶ 13. Cabiness's "actual date of release was on 6/02/2017." ECF No. 19-1, at 80.

### E. Commencement and Calculation of the Federal Sentence

On June 15, 2017, Cabiness was released to the primary custody of the USMS to begin serving his 141-month Federal Sentence. *Id.* ¶ 14. "Petitioner's Federal Sentence was computed and audited, commencing on June 15, 2017, the date Petitioner entered primary federal custody." *Id.* ¶ 15. The BOP awarded Cabiness prior custody credit for the periods of January 15, 2010, through March 4, 2010, and June 3, 2017, though June 14, 2017, for a total of 61 days of prior

3

custody credit.  *Id.*  These were the periods for which the Pennsylvania State Court declined to give Cabiness credit against his State Sentence.

### III.  ANALYSIS

**A. Primary Custody: Claims One and Four**

In Claims One and Four, Cabiness contends that his Pennsylvania Federal Sentence should commence prior to June 15, 2017, because federal authorities had physical possession of his person prior to that date. However, as explained below, a sentence does not commence merely because a defendant is in the physical custody of federal or state authorities.

"A federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998) (citing 18 U.S.C. § 3585(a); *United States v. Pungitore*, 910 F.2d 1084, 1119 (3d Cir. 1990).  Additionally, "the sovereign which first arrests an individual acquires priority of jurisdiction for . . . trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980); *In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978); *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993).  The court that first gains jurisdiction holds sovereignty unless and until executive action under comity relinquishes it.  *See Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922).  Because Pennsylvania authorities first arrested Cabiness on state charges, Pennsylvania had sovereignty and priority of jurisdiction over him.  *See Warren*, 610 F.2d at 684; *Ponzi*, 258 U.S. at 260.  Subsequent to Cabiness's arrest by state authorities, the USMS borrowed Cabiness pursuant to a writ of habeas corpus. This loan did not disrupt Pennsylvania's legal standing as Cabiness's custodian because "[a] prisoner is not even in custody . . . when he appears in federal court pursuant to a writ . . . he is merely 'on loan' to federal authorities." *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (citations omitted).  Pennsylvania's sovereignty over Cabiness continued until May 26, 2017, when state authorities paroled Cabiness from his State Sentence.

This conclusion is not altered by the fact that someone in the Pennsylvania government incorrectly directed the USMS to come pick Cabiness up on March 29, 2010.  "[A] prisoner's federal sentence does not commence when the state mistakenly transfers a prisoner to the federal government." *Johnson v. Gill*, 883 F.3d 756, 765 (9th Cir. 2018).[2]  The courts "give particular weight to the state's own determination that the transfer of the prisoner to the federal government was a mistake."  *Id.* (citing *Ponzi*, 258 U.S. at 260).  Here, the record as a whole demonstrates that the temporary transfer of Cabiness to federal authorities on March 31, 2010, was a mistake.  When alerted to the issue, Cabiness was returned to the physical custody of Pennsylvania to serve his Pennsylvania State Sentence.

---

[2] There is nothing in the record to suggest that Pennsylvania intended to surrender permanent custody of Cabiness.  *See Johnson*, 883 F.3d at 766 (describing what a court should do when it is unclear whether state intended to surrender primary custody).

4

The federal government never obtained primary custody over Cabiness until June 15, 2017, when he was received by the USMS to serve his Federal Sentence. Cabiness's assertions, in Claims One and Four, that the federal government obtained primary custody over him prior to that date, lack merit and will be DISMISSED.

**B. Concurrency of Sentences: Claims Two and Three**

In Claims Two and Three, Cabiness asserts that his State and Federal Sentences should run concurrently, because the state court ordered that his State Sentence should run concurrent with any other sentence that he was serving. Cabiness, however, was not serving his Federal Sentence at the time the Pennsylvania State Court made that statement.[3] As the BOP correctly recognized, "a state court has no authority to order that a federal sentence run concurrently to a state sentence." *Winters v. Kallis*, 766 F. App'x 393, 396 (7th Cir. 2019) (citation omitted).

Nevertheless, when as here, "'a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence' under 18 U.S.C. § 3621(b)." *Alicea v. Saad*, 761 F. App'x 168, 170 (4th Cir. 2019) (citing *Evans*, 159 F.3d 911–12). The BOP must consider five factors in making this *nunc pro tunc* designation:

**(1)** the resources of the facility contemplated;
**(2)** the nature and circumstances of the offense;
**(3)** the history and characteristics of the prisoner;
**(4)** any statement by the court that imposed the sentence—
  **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
  **(B)** recommending a type of penal or correctional facility as appropriate; and
**(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to [S]ection 994(a)(2) of [T]itle 28.

18 U.S.C. § 3621(b). Courts "review [the] BOP's decision to grant or deny a prisoner's nunc pro tunc designation request for abuse of discretion." *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005) (citing *Evans*, 159 F.3d at 911–12 (4th Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991)).

The BOP conducted a review of the § 3621(b) factors on November 12, 2012, and found that factors 2, 3, and 4 were relevant in Cabiness's case. Fanello Decl. ¶¶ 30–31. In conducting that review, with respect to factor 2, the BOP recounted Cabiness's state and federal crimes, the relevant sentences for each crime, and that the Pennsylvania Federal Court had ordered 84 months of its sentence to run consecutive. ECF No. 19-1, at 139. With respect to factor 3, the BOP noted, "Excluding the aforementioned state and federal convictions, the following conviction[s] are listed within the Pre-Sentence Investigation Report: Robbery, and

---

[3] As noted above, Cabiness's Federal Sentence did not commence until June 15, 2017. *See Loveless v. Ziegler*, No. 5:11-CV-00991, 2012 WL 3614315, at *3 (S.D. W. Va. Aug. 21, 2012).

Criminal Conspiracy, Theft, Simple Assault." *Id.* With respect to factor 4, the BOP noted:

> The sentencing court was contacted to obtain an opinion regarding the granting of a retroactive designation on September 7, 2012. A response was entered in Pacer on March 28, 2011, upon the inmate's request to the court. In responding . . . "It is hereby ordered that Cabiness's motion for recommendation of concurrent designation is denied."

*Id.*[4] The BOP concluded that, based upon a review of the above factors, the request for *a nunc pro tunc* designation was denied. *Id.*

Respondents contend that because the BOP properly considered all the relevant factors, and did not abuse its discretion, Cabiness is entitled to no relief. ECF No. 19, at 18–19. In making this argument, Respondents note that "the BOP is not bound by the state court's sentencing preference in the *nunc pro tunc* analysis." *Id.* at 18 (quoting *Mangum v. Hallembaek*, 910 F.3d 770, 778 (4th Cir. 2018) ("*Mangum II*"). Further, Respondents insist that, under the relevant precedent, the Pennsylvania Federal Court's preference that the sentences run consecutively "is 'highly relevant' to the *nunc pro tunc* analysis." *Id.* (quoting *Mangum II*, 910 F.3d at 778 n.6). Respondents, however, fail to acknowledge that under *Mangum II*, the BOP must consider the state court's preference regarding sentencing when the position of the federal sentencing court is "legally irrelevant." *Mangum II*, 910 F.3d at 778. Analysis of the propriety of the BOP's *nunc pro tunc* designation requires a brief review of *Mangum v. Hallembaek*, 824 F.3d 98 (4th Cir. 2016) ("*Mangum I*"), *Mangum II*, and the Third Circuit's interpretation of 18 U.S.C. § 3584(a) at the time Cabiness received his Federal Sentence.

In *Mangum I*, the Fourth Circuit considered § 3621(b) and addressed circumstances similar to those presented by Cabiness. Mangum challenged the BOP's refusal to designate *nunc pro tunc* a state facility for service of his federal sentence where the state sentencing judge, who imposed a sentence after the federal judge had imposed a sentence, specified the state sentence should run concurrently with the previously imposed federal sentence. *Mangum I*, 824 F.3d at 100. At sentencing, the federal district judge in *Mangum I*, failed to "state whether Mangum's federal sentence was to be served concurrently with or consecutively to any other sentence, including his yet-to-be-imposed state sentence." *Id.* Similar to Cabiness, Mangum first served his state sentence and was paroled to then serve his federal sentence. *Id.*

---

[4] The record further reflects that Cabiness, by counsel, had filed a motion for a recommendation of concurrent designation with the Pennsylvania Federal Court. ECF No. 19-1, at 133. Cabiness noted, and the Pennsylvania Federal Court acknowledged, that "[s]uch a recommendation would be consistent with the intent and desires of the state court judge . . . and would be consistent with the negotiations reached by the prosecutor and defense attorney in state matters." *Id.* at 135 (alterations in original). The Pennsylvania Federal Court then concluded:

> The offenses for which Cabiness was sentenced in state court were clearly distinct from those for which he was sentenced in this Court, and we find that these offenses lack the congruency with Cabiness's federal offenses necessary to justify the imposition of concurrent sentences. . . . We will consequently deny Cabiness's motion for recommendation of concurrent designation.

*Id.* at 136 (paragraph structure and numbers omitted).

6

> The Fourth Circuit explained:
>> At the time Mangum was sentenced in the North Carolina federal court in May 2007, a federal district judge in this circuit was powerless to impose a federal sentence to be served consecutively to a state sentence that had not yet been imposed. *See United States v. Smith*, 472 F.3d 222, 225 (4th Cir. 2006) ("The plain language of [§ 3584(a)] does not grant a district court authority to order that its sentence run consecutively to a future sentence."), *abrogated in part by Setser* [*v. United States*, 566 U.S. 231 (2012)], as stated in *United States v. Obey*, 790 F.3d 545, 549 (4th Cir. 2015). To be sure, Setser later resolved a circuit split in holding that, under § 3584(a), a district court "has authority to order that the federal sentence be consecutive to an anticipated state sentence that has not yet been imposed," *see* [566 U.S. at 233]. Nonetheless, we are confident that any definition of an arbitrary and capricious determination by an administrative agency such as the BOP would include within it the agency's invocation of a presumed intention on the part of a federal sentencing judge to do that which he was powerless to do under binding circuit precedent at the time he imposed a sentence. In this case, one might reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge did say rather than what the federal judge did not and could not say.
>
> *Id.* at 102–03 (first alteration in original) (footnote omitted).
>
> The case was remanded to the district court and the BOP was provided an opportunity to reconsider Mangum's *nunc pro tunc* request. *Mangum II*, 910 F.3d at 774. The BOP contacted the federal sentencing court. *Id.* The federal sentencing court stated that it would not have ordered the federal sentence to run concurrent with the then yet to be imposed state sentence. *Id.* at 775. "Relying on this statement, the BOP denied Mangum's request for nunc pro tunc relief for a second time." *Id.* (citation omitted). Mangum then appealed. On appeal, the Fourth Circuit stated,
>> the state court's statement was entitled as a matter of law to receive more weight than the federal court's views, which could be given no weight under binding circuit precedent at the time. The BOP thus could not have properly concluded that the state court's clear preference for concurrent sentences was outweighed by any statement from the federal sentencing court. And yet that is precisely what it did. The BOP's weighing of the federal court's sentencing views and its perfunctory consideration of the state court's statement—an assertion that it "has done so in this case" with no accompanying reasoning to explain why it was declining to honor the state court's wishes—mark an improper deviation from our mandate and require that we reverse the district court's denial of Mangum's motion.
>
> *Id.* at 778 (footnote and citations omitted).

>   Given this precedent, the relevant analysis requires an examination of whether Third Circuit precedent at the time of imposition of the Pennsylvania Federal Sentence permitted a district court to direct that its sentence run concurrently or consecutively to a yet to be imposed state sentence. No information has been provided on this score by the parties. Nevertheless, the Court's initial review reflects that, at the time the Pennsylvania Federal Court sentenced Cabiness, the Third Circuit had
>
>>   not yet ruled squarely on "whether a district court may order a sentence to run consecutively to a sentence a state court has not yet imposed," *United States v. Randolph*, 80 [F. App'x] 190, 193 (3d Cir. 2003), the Court of Appeals has suggested that a federal sentencing court is "actually powerless" to order concurrency when it sentences a defendant "before the state," *Barden*, 921 F.2d at 483–84, and other courts from [the Third] Circuit have similarly held that "[a] district court has no authority to make a sentence either concurrent or consecutive to a state sentence that has not been imposed."
>
>   *Caldwell v. Shartle*, No. 11-CV-5153 RBK, 2011 WL 5325648, at *6 (D.N.J. Nov. 3, 2011) (quoting *United States v. McBride*, No. 92-671-10, 2000 WL 1368029, at *2 (E.D. Pa. Sept. 13, 2000)); *United States v. Smith*, 101 F. Supp. 2d 332, 346 (W.D. Pa. 2000) (concluding federal district court lacked power to "direct that petitioner's federal sentence run concurrent to the two state sentences that were anticipated at the time of sentencing but not yet imposed").

*Cabiness*, 2025 WL 19811 at *2–7 (alterations in original).

The Court ultimately concluded,

>   Given the current record and the prevailing law in the Fourth Circuit after *Mangum I* and *Mangum II*, Respondents fail to demonstrate that they are entitled to the dismissal of Claims Two and Three at this juncture. Under the current state of the law, it would appear that the BOP must give at least some consideration to the wishes of the state court with respect to how Cabiness's sentences should be executed when conducting its *nunc pro tunc* analysis. *See Alicea v. Saad*, 761 F. App'x 168, 171 (4th Cir. 2019) ("Although a state court's preference for concurrent sentences is not binding on the BOP, we recently affirmed that the state court's opinion deserves consideration, particularly when the federal sentencing court's view is unknown or otherwise irrelevant to the BOP's analysis." (citing *Mangum II*, 910 F.3d at 778–79)). However, the record does not reflect that the BOP gave any consideration to the wishes of the state court. Accordingly, Respondents' Motion for Summary Judgment with respect to Claims Two and Three will be DENIED WITHOUT PREJUDICE.

*Id.* at *7.

The Court provided Respondents with the following options for resolving Claims Two and Three:

> Within thirty (30) days of the date of entry hereof, Respondents may renew their Motion for Summary Judgment with respect to Claims Two and Three and brief and demonstrate, under the relevant law, why they are entitled to Summary Judgment without giving any consideration to the state court's wishes with respect to the execution of Cabiness's Federal Sentence. Alternatively, the BOP can reconsider Cabiness's request for a *nunc pro tunc* designation while giving some consideration to the Pennsylvania State Court's wishes.

*Id.* Respondents and the BOP choose the latter course. The BOP has reconsidered Cabiness's request for *nunc pro tunc* designation and considered the Pennsylvania State Court's wishes. Based on this supplemented record, Respondents have moved for summary judgment with respect to Claims Two and Three. For the reasons set forth below, the Renewed Motion for Summary Judgment will be GRANTED and Claims Two and Three will be DISMISSED.

### IV. RENEWED MOTION FOR SUMMARY JUDGMENT

In support of their Renewed Motion for Summary Judgment, Respondents submitted a declaration from Stacey Fanello, a Correctional Programs Specialist with the BOP, and copies of Cabiness's institutional and criminal records. ECF No. 39-1. The Court issued an appropriate *Roseboro* Notice. ECF No. 40. Cabiness has not responded.

**A. Additional Facts from the Renewed Motion for Summary Judgment**

"On January 30, 2025, the Bureau conducted an additional review of Petitioner's case under the factors detailed in 18 U.S.C. § 3621(b) and determined that a retroactive designation was not appropriate in Petitioner's case." ECF No. 39-1, at 5. With respect to the relevant factors, the BOP stated as follows:

> **Factor (1)-the resources of the facility contemplated:**
> The inmate is in primary custody of the Bureau of Prisons and designated to FCI Petersburg Medium. (Security Level - Medium). This factor is not relevant to the Bureau's review for a nunc pro tunc designation.

9

**Factor (2)-the nature and circumstances of the offense:**
Federal Offense - 18 U.S.C. §§ 2119 and 924(c)(l): Armed Carjacking and Using a Firearm During and in Relation to a Crime of Violence. Term - 141 months.

State Offenses–Robbery (2 Counts); Case No. CP-51-CR-0004641-2008. Term - 8 to 20 years. State documents obtained by the Bureau reflect the court stated, ". . . to run concurrent with any sentence now serving and with Cp51Cr0016586-2008." Federal and State charges are not related in the PSI instant offense conduct.

Robbery (2 Counts); Case No. CP-51-CR-0016586-2008. Term - 8 to 20 years. State documents obtained by the Bureau reflect the court stated, "Sentence to run concurrent with any sentence now serving and with Cp51CR0004641-2008." Federal and State charges are not related in the PSI instant offense conduct.

**Factor (3) -the history and characteristics of the prisoner:**
Excluding the aforementioned state and federal convictions, the following convictions are listed within the Pre-Sentence Investigation Report: Robbery and Criminal Conspiracy(x2), Retail Theft, Robbery, Theft by Unlawful Taking or Disposition, Simple Assault, and Criminal Conspiracy.

The BOP Disciplinary Record indicates the following infractions: Mail Abuse-Disrupt Monitoring, Giving/Accepting Money Without Authorization, Using Martial Arts/Boxing, and Refusing to Obey an Order.

**Factor (4) -any statement by the court that imposed the sentence:**
The sentencing court was contacted to obtain an opinion regarding a retroactive designation on September 7, 2012.  No response has been received from the court regarding the retroactive designation request.  However, court records reflect that Mr. Cabiness previously filed a Motion with the sentencing court requesting a recommendation of concurrent designation. In response to this Motion the court issued an Order dated March 28, 2011, denying the Motion for a recommendation of concurrent designation stating in part, "(k) The offenses for which Cabiness was sentenced in state court were clearly distinct from those for which he was sentenced in this Court, and we find that these offenses lack the congruency with Cabiness's federal offenses necessary to justify the imposition of concurrent sentences; (1) We will consequently deny Cabiness's motion for recommendation of concurrent designation . . ."

The Bureau has not invoked the views of the federal sentencing court in reevaluating this request. The Bureau makes no presumption under 18 U.S.C. §3584(a) as to whether the federal and state sentences run concurrently or consecutively.

**Factor (5) - Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28**: 18 U.S.C. § 924(c)(l)

10

**Review Analysis:** In <u>Setser v. United States</u>, 566 U.S. 231, 237 (2012) ("Setser"), the United States Supreme Court held that the authority to order a federal sentence concurrent or consecutive to a yet-to-be-imposed state sentence rests with the federal sentencing court.  Furthermore, the Court held in this case that 18 U.S.C. § 3621(b) did not give the Bureau authority, or discretion, to make independent concurrent vs. consecutive determinations.

Prior to <u>Setser</u>, as stated in <u>Mangum v. Hallembaek</u>, 910 F.3d 770 (4th Cir. 2018) ("Mangum II"), a district court judge in the 4th Circuit did not have the authority to impose a sentence to be served consecutively to a yet-to-be-imposed state sentence based on the binding precedent in <u>United States v. Smith</u>, 472 F.3d 222, 225 (4th Cir. 2006).

In this case, unlike <u>Mangum II</u>, the federal sentence was imposed by a district court judge in the 3rd Circuit.  At the time the inmate was sentenced in the Eastern District of Pennsylvania, the Third Circuit's holding in <u>United States ex rel. Lester v. Parker</u>, 404 F.2d 40, 41–42 (3d Cir. 1968) allowed the District Court to impose a sentence concurrently with a pending state court sentence. The District Court elected not to do so, and furthermore denied a later Motion by Mr. Cabiness asking for the court's recommendation for a concurrent designation.

The Bureau has considered the state court's statement for their sentence to run concurrent with any sentence then being served.  The state court's desire for concurrency is overridden based on the review of the aforementioned 18 U.S.C. § 3621(b) factors, and the review analysis in this case.

**Comments:** This review is conducted in consideration of <u>Setser</u>, <u>Mangum II</u>, and is based on the current version of 18 U.S.C. 3621(b), since the language of the statute was amended by the First Step Act of 2018 to include, "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."

ECF No. 39-1, at 35–36.

## B.  Respondents Are Entitled to Summary Judgment on Claims Two and Three

As stated above, when as here, "'a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence' under 18 U.S.C. § 3621(b)." *Alicea v. Saad*, 761 F. App'x 168, 170 (4th Cir. 2019) (citing *United States*

*v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998). The BOP must consider five factors in making this *nunc pro tunc* designation:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence—
> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The record reflects that the BOP has considered the above factors. Further, the record reflects that the BOP has given some consideration to the Pennsylvania State Court's wish that its sentence run concurrently with any other sentences. Nevertheless, after considering all the relevant factors, the BOP overrode those wishes. Cabiness fails to demonstrate that the BOP abused its discretion in denying his request for a *nunc pro tunc* designation. *See Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005) (emphasis added) (citing *Evans*, 159 F.3d at 911–12 (4th Cir. 1998)); *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991)). Accordingly, Claims Two and Three will be DISMISSED.

## V. CONCLUSION

The Renewed Motion for Summary Judgment (ECF No. 36) will be GRANTED. Claims Two and Three will be DISMISSED. The § 2241 Petition will be DENIED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: May 15, 2025
Richmond, Virginia

12